UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORLOCK, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-03648 |
| | § | |
| JPMORGAN CHASE BANK, N.A.; cp | § | |
| JPMORGAN CHASE & CO., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending in this case is Defendant JPMorgan Chase Bank's Rule 12(b)(6) Motion to Dismiss (Document No. 4). Having considered that motion, the response, Defendant's reply, the allegations in Plaintiff's pleading, and the applicable law, the Court ORDERS, for the reasons set forth below, that Defendant's Motion to Dismiss (Document No. 4) is GRANTED.


## I.     Procedural History

Plaintiff Morlock, L.L.C., ("Morlock") filed suit against Defendant JPMorgan Chase Bank, N.A., ("Chase") in County Court at Law No. 1 of Harris County, Texas, Cause No. 1022607, seeking to enjoin foreclosure proceedings and quiet title on property located at 2830 Trinity Glen, Houston, Texas 77047 (hereafter referred to as the "Property"). In the Original Petition and Application for Temporary Restraining Order that was filed in state court, Morlock alleged that Chase was not the valid owner of the note on the Property and therefore did not have the right to post the Property for foreclosure. Morlock sought a judgment determining whether Chase has any interest in the Property and an injunction preventing Chase from interfering with Morlock's possession of the property.

Chase removed the case to this Court on the basis of diversity, and shortly thereafter filed a Rule 12(b)(6) Motion to Dismiss. In that Motion to Dismiss, Chase argues that Morlock has not stated a claim to quiet title on the property, that Morlock has no standing to challenge the assignment of the note by MERS [Mortgage Electronic Registration Systems] to Chase, and that there are no facts asserted that would warrant either declaratory or injunctive relief. Morlock has filed a response to the Motion to Dismiss, and therein requested leave to amend. Chase, in its Reply, argues that Morlock's proposed amendment cannot save its claim from dismissal under Rule 12(b)(6).

## II.     Rule 12(b)(6) Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 128 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" but "stops short of the line between possibility and plausibility" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Plausibility, not sheer possibility or even

conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S. Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well-pleaded facts are to be taken as true and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As is only *facts* that must be taken as true, however, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. It is only then that the court can view the well-pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.


### III.    Discussion

Chase has submitted with its Motion to Dismiss a copy of the Deed of Trust, the Assignment of the Deed of Trust by MERS to Chase, and a Declaration of Covenants, Conditions, and Restrictions for Brunswick Meadows. *See* Exhibits B-D to Defendant's Motion to Dismiss (Document Nos. 4-2, 4-3 and 4-4). These documents, because they are all matters of public record, having been filed in the Public Records of Harris County, Texas, may properly be considered in connection with a Rule 12(b)(6) Motion to Dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record").

Morlock alleges in its state court petition that it is the owner of the property located at 2830 Trinity Glen, Houston, Texas 77047; that "[t]he Deed of Trust and assignment, although appearing valid on its face, is invalid and of no force or effect because . . . MERS was not the holder of the original note that was secured by the Deed of Trust"; that "the assignment by

MERS was not valid" and that as a consequence Chase "is not and was not the owner and holder of the Note [on the property] and, therefore, has no right or authority to post the Property for a Trustee's Sale." Plaintiff's Original Petition, and Application for Temporary Restraining Order, attached to Defendant's Notice of Removal as Document No. 1-2 (hereafter referred to as "Petition"). Chase argues that Morlock's allegations fail to state a claim because: (1) Morlock, which was not a party to the Deed of Trust or the assignment, has no standing to challenge the assignment of the Deed of Trust to Chase; (2) MERS, which was included in the Deed of Trust as the "nominee for Lender and Lender's successors and assigns," had the authority to assign the Deed of Trust to Chase; and (3) Morlock, which acquired the Property through a homeowner's lien foreclosure sale, purchased the Property subject to any superior liens, including Chase's lien, and therefore cannot, as a matter of law, state a claim to quiet title.  Morlock's response to Chase's Motion to Dismiss makes it clear that Morlock is asserting only a claim to quiet title to the property, and is seeking both declaratory and injunctive relief. (Document No. 5).

"A suit to clear or quiet title–also known as suit to remove cloud from title–relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 at *7 (Tex. App.—Houston

[1st Dist.] 2011). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

Here, the Deed of Trust, the assignment of the Deed of Trust, and the Declaration of Covenants, Conditions, and Restrictions for Brunswick Meadows, all of which are matters of public record, and all of which can properly be considered in connection with Chase's Motion to Dismiss, show that MERS had the authority to assign the Deed of Trust, that MERS assigned the Deed of Trust to Chase, and that any interest in the Property that Morlock obtained by virtue of foreclosure of the homeowner association's lien is subordinate to Chase's mortgage lien on the Property.   In particular, the Deed of Trust, which named Universal American Mortgage Company, LLC as the lender, and Marcos Rodriguez as the borrower, identified MERS as a "nominee for Lender . . . . and Lender's successors and assigns" and as the "beneficiary" under the Security Instrument.  (Document No. 4-2 at page 1 of 12). In addition, the assignment of the Deed of Trust to Chase reveals that MERS, as the holder of the Deed of Trust for the original lender, Universal American Mortgage Company LLC, assigned the Deed of Trust to Chase on August 26, 2012. (Document No. 4-3 at page 1 of 1).  Finally, the Declaration of Covenants, Conditions, and Restrictions for Brunswick Meadows makes it clear that homeowners associations' liens are junior, or inferior, to mortgage liens.  The Declaration of Covenants, Conditions, and Restrictions for Brunswick Meadows provides in this respect:

> Section 5.      Lien for Assessments.  All sums assessed against any Unit or Lot
> pursuant to this Declaration, together with late charges, interest, costs and

reasonable attorney's fees actually incurred, as provided herein, shall be secured by a continuing vendor's lien on such Unit or Lot in favor of the Association. Such lien shall be superior to all other liens and encumbrances on such Unit or Lot, except for (a) liens of ad valorem taxes; or (b) liens for all sums unpaid on a first Mortgage or on any Mortgage to Declarant duly recorded in the Official Public Records of Real Property of Harris County, Texas, and all amounts advanced pursuant to such Mortgage and secured thereby in accordance with the terms of such instrument.

(Document No. 4-4 at page 8 of 48).

The Deed of Trust, the assignment of the Deed of Trust, and the Declaration of Covenants, Conditions, and Restrictions, taken together with the allegations in Plaintiff's Petition, negate the elements of any quiet title claim that Morlock either did or could have alleged.  Based on the contents of the Deed of Trust and the assignment of the Deed of Trust, Chase's facially valid claim to the Property is not, and cannot be found, invalid or unenforceable based on the improper assignment allegations in Morlock's petition.

Moreover, to the extent Morlock believes that the person who signed the assignment for MERS did not have the authority to do so, Morlock cannot, as a matter of law, challenge the assignment on that basis. Only those who are parties to an assignment, agents or assignees of a party to an assignment, or a third party beneficiary of an assignment can raise such challenges. *Kittler v. GMAC Mortgage, LLC*, No. H-12-0902, 2013 WL 3294036 at *6 (S.D. Tex. June 28, 2013) ("plaintiffs have no standing to challenge assignments unless they become a party, agent or assignee of a party, or a third-party beneficiary of the agreement"); *see also Reinagel v. Deutsche Bank Nat'l Trust Co.*, No. 12-50569, ___ F.3d ___, 2013 WL 3480207 at *5 (5th Cir. July 11, 2013) (facially valid assignment cannot be challenged by plaintiffs, who were not parties to the assignment, for lack of authority).

In addition, given the contents of the Declaration of Covenants, Conditions, and Restrictions, which provides that mortgage liens are superior to liens arising from the

Declaration, Morlock has not, and cannot, establish the strength of his title vis-à-vis Chase. Nor does Morlock plead any facts to support a claim of superior lien.  Accordingly, Morlock's quiet title claim is subject to dismissal under Rule 12(b)(6). *See, e.g., Bell v. Bank of America Home Loan*, No. 4:11-cv-02085, 2012 WL 568755 at *7 (S.D. Tex. 2012) (dismissing quiet title claim where plaintiff alleged "no facts to support a superior title claim"); *Woods v. Bank of America, NA,* No. 3:11-cv-1116-B, 2012 WL 1344343 at *9 (dismissing quiet title claim under Rule 12(b)(6) where "MERS had legal capacity to transfer its interests to BAC"); *James v. Wells Fargo Bank, N.A.*, No. 3:11-cv-2228-B, 2012 WL 778510 at *3 (N.D. Tex. 2012) (same); *Ray v. Citimortgage, Inc.*, No. A-11-CA-441-SS, 2011 WL 3269326 at *4-5 (W.D. Tex. 2011) (dismissing quiet title claim where complaint contained no allegations regarding the strength of the plaintiff's title to the property).

Morlock's additional argument, that the posting of the Deed of Trust is invalid because Morlock was not given notice of the Substitute Trustee's Sale, also fails because Plaintiff was not entitled to notice of the foreclosure proceedings. The Texas Property Code provides for notice of a foreclosure sale conducted pursuant to a deed of trust to "each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." TEX. PROP. CODE § 51.002(3). There is no requirement that notice of foreclosure proceedings be issued to any individuals who were not parties to the deed of trust. *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (quoting *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.—Beaumont 2002, pet. denied)). Here, Morlock was not a party to the original Deed of Trust, nor was Morlock a debtor on the loan. Therefore, Morlock was not entitled to notice of the foreclosure proceedings.

As for Morlock's claim to declaratory and injunctive relief, in the absence of a viable

substantive claim, such relief is not available. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996) ("The Texas Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 et. seq. (Vernon 1986), is merely a procedural device; it does not create any substantive rights or causes of action."); *Ayers v. Aurora Loan Servs., L.L.C.*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortg. Corp.*, No. 3:11-cv-1363, 2011 WL 7068386 at *3 (N.D. Tex. 2011) (where plaintiff failed to state a claim for trespass to try title and to quiet title, plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, No. 3:11-cv-2228-B, 2012 WL 778510 at *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged"). Here, the only substantive claim asserted by Morlock is to quiet title to the Property. As that claim cannot survive dismissal under Rule 12(b)(6), Morlock's request for declaratory and injunctive relief must be dismissed as well.

Finally, as for Morlock's request for leave to amend its pleadings, which was filed as part of its Response to the Motion to Dismiss, Morlock has made no showing that it could amend its pleadings in such a way as to state a viable claim for relief.   While Morlock states that it could "amend its pleadings to add more specific factual allegations against Defendant in support of its claims," Morlock's Response (Document No. 5) at 9, Morlock does not explain how any "facts" could change the legal effect of the clear terms in the public documents submitted by Chase and considered herein.

Under FED. R. CIV. P. 15(a)(2),  leave to amend should be freely given "when justice so requires."  When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim,

"district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  Here, given the contents of the public records relative to the Property at issue in this case, records which show that Morlock obtained the Property subject to superior liens, including that of Chase, Morlock cannot cure the defect in its pleadings with an amendment.  In addition, given the rejection, by numerous courts, of the *exact* type of claims asserted by Morlock in this case, both before and after amendment, there is no reasonable likelihood that Morlock could, through amendment, state a viable claim for relief.  *Morlock, LLC v. Bank of New York Mellon*, No. H-12-1585, 2012 WL 5943469 (S.D. Tex. Nov. 27, 2012) (Atlas, J.); *Morlock, LLC v. Bank of New York Mellon*, No. H-12-1798, 2012 WL 5943500 (S.D. Tex. Nov. 27, 2012) (Atlas, J.); *Morlock, LLC v. JP Morgan Chase Bank, N.A.*, No. H-12-1448, 2012 WL 3187918 (S.D. Tex. Aug. 2, 2012) (Lake, J.), *aff'd*, ___ F. App'x ___, 2013 WL 2422778 (5th Cir. 2013); *Morlock, LLC v. Metlife Home Loans*, LLC, H-12-0142, Document Nos. 15, 16 and 17 (S.D. Tex. 2013) (Miller, J.); *Morlock, LLC v. Bank of America, N.A.*, H-12-0364, Document Nos. 10 and 13 (S.D. Tex. 2012) (Miller, J.).  Therefore, leave to amend is denied as futile and Morlock's claims will be dismissed.

## IV.    Conclusion and Order

Based on the foregoing, and the conclusion that Plaintiff has not and cannot state a plausible claim under Texas law to quiet title to the Property at issue in this case, it is

ORDERED that Defendant's Rule 12(b)(6) Motion to Dismiss (Doc. 4) is GRANTED and Plaintiff's claims are DISMISSED.

SIGNED at Houston, Texas, this 13th day of September, 2013.

_____

MELINDA HARMON
UNITED STATES DISTRICT JUDGE